IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | CASE NO.: 1:22-1882 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LILLY USA, LLC, a Domestic Limited ) | |
| Liability Company; ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff United Stated Equal Employment Opportunity Commission ("EEOC"), seeks relief for a class of individuals who were denied employment because of their age, and alleges upon information and belief, as follows:

**NATURE OF ACTION**

1. This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq* ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief for a class of individuals who were denied employment because of their age. The ADEA prohibits discrimination against applicants and workers age 40 and over. As alleged with greater particularity below, evidence will establish that, nationwide, Defendant Lilly USA, LLC ("Lilly") has failed to hire employees protected by the ADEA for pharmaceutical sales representative positions based on their age. The EEOC seeks damages

including back pay and liquidated damages for the class. The EEOC will further seek injunctive relief.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) ad 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 7(d) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. Defendant Lilly USA, LLC ("Lilly"), is a corporation headquartered in Indianapolis Indiana and organized under the laws of the State of Indiana. Lilly specializes in the discovery, development, manufacturing, marketing, and sales of pharmaceutical products.

5. Defendant has continuously been doing business in the state of Indiana and in locations throughout the United States and continuously has had at least 20 employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. § 630(b), (g), and (h).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of the lawsuit, at least one charging party filed a charge of discrimination with the Commission alleging violations of the ADEA.

8. Prior to the institution of the lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(d).

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

10. On or around April 27, 2017, Lilly's Senior Vice President for Human Resources and Diversity, Steve Fry, presented at a Leadership Town Hall concerning Lilly's 2017 People Strategy.

11. As part of his presentation, Fry recognized that Lilly's workforce on a national level was skewed toward the older generations, having 20% less Millennials than the American workforce.

12. Fry suggested the lack of Millennials was a problem and that "[Lilly has] got to make sure that we have a workface that is distributed . . . by generation."

13. Fry then announced that, to address the need for more Millennials in Lilly's workforce, the company would have a goal of 40% "Early Career" ("EC") hiring.

14. Following Fry's announcement, Lilly managers nationwide changed hiring practices and preferences to hire younger candidates for sales representative positions.

15. For example, older candidates for certain sales representative positions needed higher levels of review and approval before being extended an offer.

16. Lilly intentionally under-hired applicants protected by the ADEA for sales representative positions based on their age.

17. Even after Lilly managers recognized that the EC hiring goals constituted unlawful age discrimination, Lilly continued to under-hire applicants protected by the ADEA.

18. Lilly's EC goals remained in place through 2021.

## CAUSE OF ACTION

19. As set forth in paragraphs ten (10) through eighteen (18), from April 2017 to December 2021, Defendants subjected a class of aggrieved applicants for sales representative positions to an ongoing pattern or practice of discriminatory failure to hire such persons because of their age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a).

20. The unlawful employment practices complained of in paragraphs ten (10) through eighteen (18) were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

    a. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age;

    b. Order Defendant to institute and carry out policies, practices, and programs, which provide equal employment opportunities for individuals covered by the ADEA, and which eradicate the effects of their past unlawful discrimination practices;

    c.  Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum of liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to, individuals covered by the ADEA who were not hired because of their age;

    d.  Order Defendants to make whole all individuals adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or otherwise make whole individuals denied employment because of their age;

    e.  Order Defendants to provide training for supervisors and managers at all corporate levels specific to the ADEA;

    f.  Grant such further relief as the Court deems necessary and proper in the public interest; and

    g.  Award the Commission its costs of this action.

## JURY DEMAND

21.    The Commission requests a jury trial on all issues of fact raised by its complaint.

Dated: September 26, 2022

                          Respectfully submitted,

                          GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

CHRISTOPHER LAGE
Deputy General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No: 285676
Email: robert.weisberg@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No: 0688681
Email: kristen.foslid@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

*s/Chelsae Johansen Ford*
CHELSAE JOHANSEN FORD
Trial Attorney
Florida Bar No. 106029
Email: Chelsae.Ford@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Tampa Field Office
501 E. Polk Street, Suite 1000
Tampa, FL 33602
Tel: 813.710.9346