## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | **CASE NO.: 1:22-1882** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LILLY USA, LLC, a Domestic Limited Liability Company; | ) ) ) | |
| Defendant. | ) ) / | |

## DEFENDANT'S ANSWER AND ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant Lilly USA, LLC ("Lilly"), by and through its undersigned counsel, for its Answer and Additional and Affirmative Defenses to the Complaint filed by the Equal Employment Opportunity Commission (the "Commission"), states as follows.  Lilly denies each and every allegation in the Commission's Complaint to the extent not expressly admitted herein.

## NATURE OF ACTION

1.     This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq* ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief for a class of individuals who were denied employment because of their age. The ADEA prohibits discrimination against applicants and workers age 40 and over. As alleged with greater particularity below, evidence will establish that, nationwide, Defendant Lilly USA, LLC ("Lilly") has failed to hire employees protected by the ADEA for pharmaceutical sales representative positions based on their age. The EEOC seeks damages including back pay and liquidated damages for the class. The EEOC will further seek injunctive relief.

**ANSWER:**    Admitted that the Commission alleges that certain of Lilly's employment practices violated the ADEA and that the Commission seeks damages.  Otherwise, denied.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) ad 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

**ANSWER:**    Admitted that jurisdiction is proper in this Court.

2.      Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**    Lilly admits that some of the employment practices alleged to be unlawful were committed within the jurisdiction of this Court, but denies that any employment practice was in fact unlawful.

## PARTIES

3.      The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 7(d) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

**ANSWER:**    Admitted.

4.      Defendant Lilly USA, LLC ("Lilly"), is a corporation headquartered in Indianapolis Indiana and organized under the laws of the State of Indiana. Lilly specializes in the discovery, development, manufacturing, marketing, and sales of pharmaceutical products.

**ANSWER:**    Lilly denies the allegations made and contained in paragraph 4, except to admit that its principal place of business is in Indianapolis, Indiana and that its primary business is the discovery, development, manufacturing, marketing, and sales of pharmaceutical products.

5.      Defendant has continuously been doing business in the state of Indiana and in locations throughout the United States and continuously has had at least 20 employees.

**ANSWER:**    Admitted as to the relevant time period.

6.      At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. § 630(b), (g), and (h).

**ANSWER:**    Admitted.

## CONDITIONS PRECEDENT

7.      More than thirty days prior to the institution of the lawsuit, at least one charging party filed a charge of discrimination with the Commission alleging violations of the ADEA.

**ANSWER:**     Admitted.

8.      Prior to the institution of the lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(d).

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 8, except admits that

the EEOC presented Lilly with a conciliation demand.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**     Paragraph 9 states a legal conclusion which Lilly is not required to admit or deny

and Lilly therefore neither admits or denies such allegations.

## FACTUAL ALLEGATIONS

10.     On or around April 27, 2017, Lilly's Senior Vice President for Human Resources and Diversity, Steve Fry, presented at a Leadership Town Hall concerning Lilly's 2017 People Strategy.

**ANSWER:**      Admitted.

11.     As part of his presentation, Fry recognized that Lilly's workforce on a national level was skewed toward the older generations, having 20% less Millennials than the American workforce.

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 11, except admits that

Mr. Fry stated in a Leadership Town Hall that millennials were underrepresented in Lilly's

workforce by 20% compared to the United States workforce as a whole.

12.     Fry suggested the lack of Millennials was a problem and that "[Lilly has] got to make sure that we have a workface that is distributed . . . by generation."

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 12 except admits that

Mr. Fry stated in a Leadership Town Hall that Lilly had a responsibility to have a continuous flow

3

of talent prepared to lead and run the company and that Lilly has "got to make sure that we have a workforce that is distributed by career status, by generation, to fulfill that responsibility."

13.     Fry then announced that, to address the need for more Millennials in Lilly's workforce, the company would have a goal of 40% "Early Career" ("EC") hiring.

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 13 except admits that, beginning in 2017, Lilly's diversity and inclusion program included aspirational goals relating to hiring of early career professionals.

14.     Following Fry's announcement, Lilly managers nationwide changed hiring practices and preferences to hire younger candidates for sales representative positions.

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 14.

15.     For example, older candidates for certain sales representative positions needed higher levels of review and approval before being extended an offer.

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 15.

16.     Lilly intentionally under-hired applicants protected by the ADEA for sales representative positions based on their age.

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 16.

17.     Even after Lilly managers recognized that the EC hiring goals constituted unlawful age discrimination, Lilly continued to under-hire applicants protected by the ADEA.

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 17.

18.     Lilly's EC goals remained in place through 2021.

**ANSWER:**     Lilly denies the allegations made and contained in paragraph 18,

## CAUSE OF ACTION

19.     As set forth in paragraphs ten (10) through eighteen (18), from April 2017 to December 2021, Defendants subjected a class of aggrieved applicants for sales representative positions to an ongoing pattern or practice of discriminatory failure to hire such persons because of their age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a).

**ANSWER:** Lilly incorporates by reference its responses to paragraphs 10 through 18 and denies the allegation in this paragraph.

20.    The unlawful employment practices complained of in paragraphs ten (10) through eighteen (18) were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**ANSWER:**    Lilly denies the allegations made and contained in paragraph 20.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" clause of the Commission's Complaint, Lilly denies that the Commission is entitled to any relief whatsoever and requests that the Court dismiss the Complaint in its entirety with prejudice and grant such other relief as the Court deems just and appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

For their affirmative and other defenses to the Commission's Complaint, Lilly states as follows:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    All actions taken by Lilly as alleged in the Complaint were lawful and made in good faith compliance with all applicable provisions of law, rules, and regulations, and were not based upon any reason in violation of public policy or other factors protected by law.

3.    The Commission's claims are barred, in whole or in part, because Lilly acted reasonably and in good faith at all times material herein, based on all the relevant facts and circumstances known to Lilly at the time that it so acted.

4.    Any acts or omissions complained of by Lilly were based on legitimate non-discriminatory factors.

5.    If discriminatory reasons had been a motivating factor in any employment decision, although such is not admitted hereby or herein, any recovery on the Complaint, or any cause of

5

action alleged therein, is barred because Lilly would have made the same employment decisions in any case for legitimate, non-discriminatory business reasons.

6. The Commission's claims are not actionable because the Commission cannot show that any reason offered by Lilly for any employment decision was in any way a pretext for purposeful, intentional, and/or legally prohibited discrimination.

7. There is no basis of law or fact on which the Commission is entitled to recover damages from Lilly.

8. The Commission failed to make good faith efforts to conciliate the alleged violations in accordance with statute and its own rules and procedures.

9. The Commission cannot show any entitlement to any form of injunctive or other equitable relief because the employment practices alleged in the Complaint to have been discriminatory ceased prior to the filing of the Complaint.

10. Lilly reserves the right to assert such other and further affirmative and additional defenses based on facts and circumstances that may subsequently become known to them, through discovery or otherwise.

WHEREFORE, having fully answered and responded to the allegations contained in the Commission's Complaint, Lilly hereby prays that:

1. The Commission's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in the Complaint be denied;

3. Judgment be entered in favor of Lilly;

4. All costs, including reasonable attorneys' fees, be awarded to Lilly and against the Commission pursuant to applicable law; and

6

5.      Lilly be granted such other and further relief as this Court may deem just and proper.


Dated: November 7, 2022

Respectfully submitted,

/s/ David D. Leishman

Joel H. Spitz
jspitz@mcguirewoods.com
Michael R. Phillips
mphillips@mcguirewoods.com
David D. Leishman
dleishman@mcguirewoods.com
MCGUIREWOODS LLP
77 West Wacker Drive, 41st Floor
Chicago, IL  60601
T: (312) 849-8100
F: (312) 849-3690

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will electronically notify and serve all counsel of record.

/s/ *David D. Leishman*