IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | No. 1:22-cv-1882-TWP-MKK |
| Plaintiff, | |
| -against- | |
| LILLY USA, LLC and ELI LILLY AND COMPANY | |
| Defendants. | |

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), Lilly USA, LLC ("Lilly USA") and Eli Lilly and Company ("Eli Lilly") (Lilly USA and Eli Lilly shall be collectively referred to as "Lilly" and EEOC and Lilly shall be collectively referred to as "the Parties").

## INTRODUCTION

1.     EEOC filed this action on September 26, 2022, alleging that Lilly USA engaged in a pattern or practice of age discrimination by failing to hire applicants age 40 and over for Sales Representative positions during the time period April 2017 through December 2021 in violation of Section 4 of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a) ("ADEA"). On June 14, 2023, EEOC amended the Complaint to add Eli Lilly as a party. Lilly denies the allegations in the Complaint and denies that it violated the ADEA.

2.     The agreement to enter into this Decree shall not be construed as an admission of liability by Lilly as to any allegations by EEOC.

3.      In the interest of resolving this matter, and to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, and their respective successors and assigns.

4.      No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual written agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5.      This Decree fully and finally resolves the claims asserted by EEOC in the Complaint filed in this action styled *EEOC v. Lilly USA, LLC, et al*, Case No. 1:22-cv-01882-TWP-MKK (S.D. Ind.). As described more fully below, EEOC is settling this ADEA action on behalf of a group of claimants consisting of persons age 40 or older who applied for and were denied Primary Care Sales Representative positions in the Lilly Diabetes and Obesity Business Unit f/k/a the Diabetes Business Unit (the "LDO") from January 1, 2017 through June 30, 2020 (the "Relevant Period").

6.      This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7.      If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8.      As provided in 29 U.S.C. 626(c)(1), *EEOC v. Lilly USA, LLC, et al*, Case No. 1:22-cv-01882-TWP-MKK (S.D. Ind.) terminated the rights of persons age 40 or older who applied for

and were denied Sales Representative positions at Lilly from January 2017 through December 2021 to bring an action against Lilly USA, LLC or Eli Lilly and Company for failure to hire under the ADEA.

9.      This Decree in no way affects EEOC's right to bring, process, investigate or litigate charges against Lilly that may be in existence or may later arise against Lilly in accordance with standard EEOC procedures, provided that EEOC will not litigate charges against Lilly alleging that applicants age 40 or older applied for and were denied Sales Representative positions from January 2017 through December 2021 or require Lilly to respond to such charges.

## DEFINITIONS

10.     The term "Eligible Claimants" refers to individuals who were age 40 or above when they were denied one or more Primary Care Sales Representative positions within the LDO during the Relevant Period.

11.     The term "day" or "days" means calendar days.

12.     The term "Effective Date" shall mean the date on which the Court gives final approval to this Decree by entering it on the Court docket after motion and hearing, if required.

## FINDINGS

13.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a.      This Court has jurisdiction over the subject matter of this action and the Parties;

    b.      The Court will retain jurisdiction for the duration of this Decree;

c.    No Party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

d.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Eligible Claimants and the public interest are adequately protected by this Decree; and

e.    The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Lilly.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**DURATION OF DECREE**

14.    Subject to the provisions of paragraph 60 below, the obligations under this Decree shall be in effect for a period of thirty (30) months from the Effective Date.

15.    This Decree shall not expire while any enforcement action concerning this Decree is pending. However, an action to enforce the terms of this Decree shall not extend Lilly's obligations except as to any past obligations under the Decree that are at issue in the enforcement action.

**GENERAL INJUNCTIVE PROVISIONS**

16.    Nothing in this Decree shall be construed to limit or reduce Lilly's obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

17.     Lilly, its officers, agents, servants, employees, successors in interest and all persons acting in concert with them or on their behalf are enjoined from rejecting applicants for Primary Care Sales Representative positions in the LDO on the basis of age in violation of the ADEA.

**MONETARY RELIEF**

18.     Lilly shall pay total monetary relief in the amount of Two Million, Four Hundred Thousand Dollars ($2,400,000) which, together with any interest generated subsequent to deposit, is to be distributed amongst Eligible Claimants and used to pay administrative costs as described more fully below.

19.     Within thirty (30) days of the Effective Date, Lilly shall pay the sum of Two Million, Four Hundred Thousand Dollars ($2,400,000) into an interest-bearing qualified settlement fund created under Section §486(b) of the Internal Revenue Code (the "Qualified Settlement Fund") established by the Claims Administrator mutually selected by the Parties pursuant to paragraph 22 hereof (the "Claims Administrator"). The Claims Administrator will notify EEOC once the payment is complete.

20.     Within seven (7) days of receiving the settlement funds from Lilly, the Claims Administrator shall invest Two Million, Three Hundred Forty Thousand Dollars ($2,340,000) into six (6) month U.S. Treasury bills. The remaining Sixty Thousand Dollars ($60,000) shall be used as an advance to cover the payments to the Claims Administrator.

21.     Any interest earned from the settlement funds may be used to pay the Claims Administrator. To the extent the Claims Administrator's costs exceed the interest earned from the settlement funds, the settlement funds may be used to cover the Claims Administrator's costs. To

the extent that the interest earned exceeds the costs of Claims Administration, the excess interest may be distributed to Eligible Claimants.

## CLAIMS ADMINISTRATOR

22.    Within seven (7) days of the Effective Date, EEOC and Lilly shall mutually select the Claims Administrator and, within seven (7) days thereafter, Lilly shall engage the Claims Administrator, who is hereby appointed to administer the Decree in accordance with its terms. The Claims Administrator will commence its duties in accordance with this Decree and instructions from EEOC.

23.    The Claims Administrator may provide the following services pursuant to this Decree, consistent with instructions from EEOC:

a.   create and manage the Qualified Settlement Fund;

b.   correspond with potential Eligible Claimants via telephone, e-mail, and other written communications;

c.   create a website dedicated to claims administration;

d.   send and receive notices, questionnaires and forms to potential Eligible Claimants;

e.   create, track, and maintain data regarding Eligible Claimants and those Eligible Claimants who are confirmed to be eligible to receive a monetary award ("Confirmed Claimants");

f.   identify Eligible Claimants and propose monetary distributions for each person based on criteria provided by the EEOC;

g.    transmit notifications to Eligible Claimants and Confirmed Claimants in accordance with paragraph 26 hereof;

h.  transmit and review release forms;

i.  issue payment to Confirmed Claimants from the Qualified Settlement Fund;

j.  make periodic reports of activities to EEOC and Lilly, including the number of Eligible Claimants who have received an Initial Package (as defined in paragraph 26 below) and the number of Confirmed Claimants who have signed and returned the Release and Waiver referenced in paragraph 37 below;

k.  confer with EEOC and Lilly regarding administrative matters;

l.  issue and file related tax documents (including but not limited to tax returns required to be filed by the Qualified Settlement Fund and W-2 forms for all payments); and

m.  perform such other administrative tasks as it, Lilly and EEOC may deem necessary to facilitate the claims administration process.

## CLAIMS ADMINISTRATION

24.  <u>Identification of Eligible Claimants.</u> Within thirty (30) days of the Effective Date of this Decree, Lilly shall provide EEOC with an excel spreadsheet or excel spreadsheets listing all persons who applied for Primary Care Sales Representative positions within the LDO during the Relevant Period and were denied. The spreadsheet(s) shall contain the last name, first name, last known address, last known e-mail address, last known phone number and date that the Eligible Claimant was denied the position (to the extent known to Lilly), and any information Lilly has concerning whether the person met the minimal qualifications for the posted position, e.g., eligibility to work in the United States, possession of a valid driver's license.

25.  EEOC will make a good faith effort to identify all Eligible Claimants and each Eligible Claimant's current contact information through a database search. Within forty-five (45)

days after receiving the excel spreadsheets, EEOC shall provide the Claims Administrator with a
list of potential Eligible Claimants with their e-mail address, phone number, and address.

26.   <u>Initial Contact of Eligible Claimants</u>. EEOC will direct the Claims Administrator
to, within thirty-five (35) days of receiving the list of Eligible Claimants and their contact
information, distribute via e-mail and mail a notice from EEOC. The notice must contain the
following (collectively, the "Initial Package"):

    a.   A statement that "EEOC filed a lawsuit alleging that Eli Lilly and Company and
Lilly USA, LLC engaged in a pattern or practice of age discrimination by failing to
hire applicants age 40 and over for Sales Representative positions during the time
period January 2017 through December 2021 in violation of Section 4 of the Age
Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a).  Lilly
denies the allegations in the Complaint and denies that it violated the ADEA."

    b.   A statement that "[p]ursuant to 29 U.S.C. 626(c)(1), the filing of EEOC's lawsuit
terminated the right of individuals to bring a new civil action against Lilly USA,
LLC or Eli Lilly and Company under the ADEA for the failure to hire claims
alleged in EEOC's lawsuit, therefore, you cannot bring your own suit or join a suit
regarding these claims."

    c.   A statement that "[t]he United States Equal Employment Opportunity Commission
("EEOC") resolved its age discrimination lawsuit against Eli Lilly and Company
and Lilly USA, LLC on [DATE]. The Consent Decree approved by the Court
establishes a fund to pay a group of claimants consisting of persons age 40 or older
who applied for, and were denied Primary Care Sales Representative positions in
the Lilly Diabetes and Obesity Business Unit f/k/a the Diabetes Business Unit (the

"LDO") from January 1, 2017 through June 30, 2020. You are receiving this notice because you may now be entitled to share in the monetary fund obtained by EEOC;"

d.   An explanation of the eligibility determination process;

e.   Direction to the website dedicated to the claims administration process;

f.   A questionnaire concerning eligibility (the "Questionnaire"); and

g.   A deadline for submission of all claims no later than one-hundred eighty (180) days from the transmission of the notice.

27.   The Claims Administrator will notify EEOC weekly of Eligible Claimants whose Initial Package is returned as undeliverable, and EEOC shall take steps to find alternative contact information for those Eligible Claimants such that a second Initial Package may be sent.

28.   EEOC will also determine what additional steps are to be taken to reach Eligible Class Members who are unresponsive to mail and e-mail. At a minimum, if a phone number is available, the Claims Administrator will make at least one phone call to each unresponsive Eligible Claimant.

29.   Questionnaires. Each Eligible Claimant shall have to answer the Questionnaire, which can be completed online, confirming their eligibility as follows: (1) confirmation that the individual applied to a Primary Care Sales Representative position in the LDO during the Relevant Period; (2) confirmation that the individual was denied the position by Lilly; and (3) confirmation that the individual was in the protected age group when he or she was denied a position at Lilly. The Questionnaires will also ask whether the person was unemployed at the time he or she applied to Lilly.

30.   Eligible Claimants who seek to recover monetary compensation must complete the Questionnaire and postmark the mailing and/or send an e-mail or online response on or before the

established deadline. Any person whose Questionnaire is not timely postmarked or sent may be barred from receiving any relief under this Decree or in connection with this action.

31.     The Claims Administrator will review the Questionnaires to identify Confirmed Claimants.  All Confirmed Claimants who provide a W-9 and sign a Release, as described further below, will receive a minimum monetary award.

32.     Claims of Deceased Persons. Claims may be filed on behalf of deceased Eligible Claimants through representatives of their estate or next of kin if appropriate documentation (*e.g.*, letters testamentary or the equivalent) is provided. EEOC will have final authority to determine the validity of claims filed on behalf of deceased Eligible Claimants.

33.     Allocation of Monetary Relief. No later than three hundred (300) days after the Effective Date, the Claims Administrator shall provide EEOC with a list of Confirmed Claimants as well as each Confirmed Claimant's responses to the Questionnaire.

34.     Within sixty (60) days of EEOC's receipt of the information from the Claims Administrator, EEOC shall determine the amount to be awarded to each Confirmed Claimant, taking into consideration the interest earned from the settlement funds as well as the costs of the Claims Administrator.

35.     Late Claims. For claims submitted after the filing deadline, the Claims Administrator shall, if so directed by EEOC, notify late-filing Eligible Claimants that their claims are untimely and that they are not eligible for any monetary award.

36.     Notification of Awards. Within twenty-one (21) days of receiving EEOC's allocation, the Claims Administrator shall notify each claimant (both Eligible Claimants who were determined to be ineligible as well as Confirmed Claimants receiving a monetary award) in writing of the amount of his or her monetary award, if any, and of the anticipated date on which EEOC

plans to seek Approval of Allocation of Settlement Funds (the "Notification of Award"). The Notification of Award may indicate that the award is subject to review or modification by the Court.

37.     Release and W-9. Along with the Notification of Award, the Claims Administrator shall deliver to each Confirmed Claimant a Release and Waiver (attached hereto as Exhibit A) and a blank W-9. Each Confirmed Claimant will be notified that in order to receive monetary payments under this Decree, he or she must execute and deliver to the Claims Administrator an executed Release and Waiver, which will become effective upon the entry of the Order Approving the Allocation of Settlement Funds, and a W-9, which will be used to determine tax withholdings on each award. The Notification of Award will inform each Confirmed Claimant that such W-9 and Release must be signed and returned to the Claims Administrator so that it is actually received by the Claims Administrator within thirty (30) days of the Notification of Award. Any Confirmed Claimant whose completed W-9 and executed Release is not actually received by the Claims Administrator within forty-five (45) days of the Notification of Award shall be ineligible for and forever barred from receiving any relief under this Decree.

38.     The Claims Administrator shall provide all original signed releases and W-9s to Lilly and maintain copies for the EEOC.  Prior to providing completed W-9s and signed original releases to Lilly, and prior to sending any monetary awards, the Claims Administrator shall review the documents to ensure they are properly completed and executed. In the event that a Release has not been properly executed, the Claims Administrator shall contact the Confirmed Claimant within five (5) business days and attempt to remedy any errors.  If a Confirmed Claimant fails to sign a Release and submit a W-9, fails to respond to the inquiries of the Claims Administrator and/or

EEOC, or otherwise indicates that he or she is not interested in receiving a monetary award, such claimant shall be not be entitled to a monetary award under this Decree.

39.    <u>Motion for Approval of Allocation of Settlement Funds</u>. Upon the determination of the amount to be awarded to each Confirmed Claimant, EEOC shall share with Lilly a proposed allocation of the Settlement Fund. Lilly shall have seven (7) business days to comment on the proposed allocation's fairness and consistency with this Decree. After considering Lilly's comments, if any, EEOC shall file an unopposed motion with the District Court within thirty (30) days seeking approval of the allocation of the Settlement Fund among those Confirmed Claimants who have executed and timely returned the Releases and W-9s. In connection with this motion, EEOC shall file a proposed settlement distribution list, which shall contain an identifying number and proposed gross settlement amount for each Confirmed Claimant. After appropriate review, the Court shall enter an Order Approving the Allocation of the Settlement Funds and the distribution thereof pursuant to this Consent Decree.

40.    <u>Distribution of Settlement Fund</u>. Within forty-five (45) days of the receipt of Notification from EEOC that the Order Approving the Allocation of the Settlement Funds by the Court has been entered, the Claims Administrator shall issue and mail one check to each Confirmed Claimant for a monetary award in the gross amount reflected in the final settlement distribution list, less applicable deductions.

41.    <u>Money Remaining in Qualified Settlement Fund</u>. In the event that checks are returned and/or the Qualified Settlement Fund is not completely distributed to Confirmed Claimants for any reasons, EEOC may, at its sole discretion, direct the Claims Administrator to allocate the remaining funds to Center for Workforce Inclusion.

42.    <u>Tax Treatment of Monetary Awards</u>. The Claims Administrator shall issue W-2s with regard to each award. The Claims Administrator shall prepare and file all appropriate tax filings and reports, including but not limited to tax returns required to be filed by the QSF and W-2 forms for all payments from the QSF. The Claims Administrator shall pay any taxes owed by the QSF from funds held by the QSF.  With the exception of the employer's portion of deductions required by law, the Claimants shall be solely responsible for any taxes or related penalties that may be assessed relating to any payments made pursuant to this Decree, including, but not limited to, all federal, state, and/or local taxes.

43.    <u>Settlement Fund is Exclusive Monetary Relief.</u>    The Qualified Settlement Fund amount, and payments therefrom, are the sole payments to be made to Eligible Claimants pursuant to this Decree.  No such payment or monetary award shall entitle any Eligible Claimant to additional compensation or benefits, including but not limited to, under any employee benefit, bonus, incentive, commission, equity, or other plan in place at any time, nor will it entitle any Eligible Claimant to any retirement, severance, 401(k), or matching benefits, or to deferred compensation or any other benefits.

**ABILITY OF CONFIRMED CLAIMANTS TO REAPPLY**

44.    If any Confirmed Claimant advises EEOC or the Claims Administrator that he or she is interested in applying for a position at Lilly, EEOC or the Claim Administrator shall advise him or her of the ability to turn on alerts for open positions at https://careers.lilly.com/us/en/search-results.

45.    Lilly shall consider each Confirmed Claimant job applicant no differently than it would any other applicant.

## APPLICANT SURVEY PROGRAM

46.     For the duration of this Decree, Lilly shall continue to utilize its post-application optional survey to applicants in the same manner and with at least the same frequency that it was done in January 2023.

47.     The optional survey will ask job applicants how strongly they agree or disagree with the following statement: "I believe Lilly is a company that values diversity (is egalitarian) and my interview process was free of discrimination."

## REVIEW OF EQUAL EMPLOYMENT OPPORTUNITY POLICIES

48.     Within thirty (30) days of the Effective Date, Lilly shall review and, if necessary, revise its existing equal employment opportunity policies to comport with all requirements of the ADEA.

49.     Lilly's equal employment opportunity policy must, at a minimum:

   a.   Specifically prohibit age-based discrimination against any employee or applicant; and

   b.   Provide procedures for reporting behaviors which violate the policy.

50.     Within forty-five (45) days of the Effective Date of this Agreement, Lilly shall provide the EEOC with a copy of the policies and procedure described in the preceding paragraph. Upon receipt, EEOC shall have fifteen (15) days to review and/or comment on the policies and procedure. EEOC will review the policy only for compliance with this Section, and can provide comment or request revision due to non-compliance with this Section.

51.     To the extent that Lilly's policies were revised as a result of this Decree, Lilly shall (1) make available on their intranet the revised policy within thirty (30) days of its adoption, and

(2) notify employees of the availability of the updated policy by sending them an email with a link to the handbook including the revised policy;

52.      New employees will be given access to and review a copy of the equal employment opportunity policy through Lilly's standard onboarding process at the outset of their employment.

**TRAINING FOR MANAGERS AND HUMAN RESOURCES PERSONNEL**

53.      Lilly agrees to continue to schedule all managers and human resources personnel involved in the hiring process for Primary Care Sales Representatives within Lilly's LDO for at least one (1) hour of equal employment opportunity training annually during the term of the Decree (the "Hiring Training").

54.      This first training shall be completed within twelve (12) months of the Effective Date and the second training within twenty-four (24) months.

55.      Within thirty (30) days of each Hiring Training, Lilly will provide EEOC a list of the names, job titles, and work locations of all training attendees.

**THIRD PARTY CONTRACTS WITH RECRUITMENT STAFFING COMPANIES**

56.      Beginning thirty (30) days after the Effective Date and through the Term of this Decree, all contracts or agreements entered into between Lilly and third-parties concerning recruiting, screening, or otherwise making hiring recommendations for Primary Care Sales Representative positions within Lilly USA's LDO shall specifically state that Lilly does not discriminate against candidates for employment based upon age.

**POSTING FOR EMPLOYEES**

57.      Within thirty (30) days following the Effective Date, Lilly shall post a link to a notice on the Policies and Procedures page of its intranet titled "Information Regarding the Age Discrimination in Employment Act." The notice linked to the "Information Regarding the Age

Discrimination in Employment Act" shall not exceed one page with 12-point type. It shall include, at a minimum, the following elements:

      a.  An explanation of the protections afforded by the ADEA;

      b.  Examples of ADEA protections;

      c.  A statement that Lilly does not discriminate based on age;

      d.  Instructions for reporting age discrimination; and

      e.  A statement that the EEOC enforces the ADEA, along with a link to the EEOC's website.

58.    The Notice shall remain posted for the duration of the Decree.

## REPORTING REQUIREMENTS

59.    Beginning on the sixth month anniversary of the Effective Date of the Decree, and every six (6) months thereafter during the term of this Decree, Lilly shall report to EEOC confirmation that (a) the posting required by this Decree has remained posted; (b) when appropriate, that the training required by this Decree has occurred; (c) that third party contracts with recruiting staffing companies include the language specified in paragraph 56;(d) that the applicant survey language has been revised and that surveys have continued to be issued containing the required question and (e) that Lilly has not initiated any hiring goals based upon age or career stage and has not created any initiatives in which hiring decisions are based upon age, provided that this reporting requirement excludes campus recruiting, internships or apprenticeships.

60.    Following EEOC's receipt of Lilly's fourth (4th) report required under this Decree, if Lilly is in compliance with the Decree and there are no pending disputes under the Decree, EEOC shall provide notice to the Court and to Lilly in writing that Lilly is released from all further obligations under this Decree.

**DISPUTE RESOLUTION**

61.     In the event that either party to this Decree believes that the other party has failed to comply with any provision of this Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) days of the discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party was in compliance or has complied.  A party who waits longer than within fifteen (15) days of the discovery of the alleged non-compliance can no longer claim a breach with the provisions of this Decree.

62.     If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it was in compliance or has complied within fifteen (15) days, the complaining party may apply to the court for appropriate relief.

**TAX TREATMENT OF SETTLEMENT AMOUNT**

63.     <u>EEOC's reporting requirements under IRC Sections 162(f) and 6050X</u>. Lilly is tendering the $2.4 million to the Qualified Settlement Fund as restitution or remediation for damage or harm allegedly caused by the potential violation of law described in paragraph 1 hereof. EEOC shall file an information return with the Internal Revenue Service ("IRS") pursuant to Internal Revenue Code 162(f) and 6050X consistent with this paragraph. The EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

64.     Lilly's EIN is: 26-3011712

65.     The EEOC should mail a copy of the form 1098-F to Eli Lilly and Company Legal Department, attn: General Counsel.

66.    No Representations or Reliance. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## NOTIFICATION TO SUCCESSORS

67.    Lilly shall provide prior written notice to any purchaser of its business, or a purchaser of all or a portion of Lilly assets, and to any other successor, of EEOC's lawsuit, allegations raised in EEOC's Complaint, and the existence and contents of this Decree.

## MONITORING

68.    EEOC may review Lilly's compliance with this Decree. As a part of such review, during the term of this Decree, if a reasonable belief exists that Lilly has violated this Decree, EEOC may examine witnesses and examine and copy documents reasonably related to the potential violation, as determined by the Court.  Requests to examine witnesses and examine and copy documents shall be made by EEOC through Lilly's legal counsel upon reasonable notice.

## REPORTING REQUIREMENT (CONTACT)

69.    All reports, notices and other documents required hereunder to be delivered to EEOC shall be sent via email to mdoconsentdecreecompliance@eeoc.gov with the subject line Re: Lilly Consent Decree.

**COSTS**

70.     Each party to this Decree shall bear its own costs associated with this litigation.

**SO ORDERED, ADJUDGED AND DECREED**

Date: October 10, 2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

AGREED TO:
FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _ROBERT WEISBERG_                    Date: _6/25/23_
Robert E. Weisberg, Esq.

Regional Attorney for U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

AGREED TO:
FOR DEFENDANT ELI LILLY AND COMPANY, a Domestic Corporation:

By: _Karen Quirk_                         Date: _6/23/2023_

Karen Quirk
Print Name

VP - Head of Litigation and Investigations
Title

FOR DEFENDANT LILLY USA, LLC, a Domestic Limited Liability Company:

By: X _Karen Quirk_                       Date: _6/23/2023_

Karen Quirk
Print Name

VP - Head of Litigation and Investigations
Title

**<u>EXHIBIT A</u>**

## <u>RELEASE AND WAIVER</u>

IN CONSIDERATION OF SETTLEMENT FUNDS TO BE RECEIVED, under that certain Consent Decree dated _____, in connection with the resolution of *EEOC v. Lilly USA, LLC, et al*, Case No. 1:22-cv-01882-TWP-MKK (S.D. Ind.), I hereby provide the following release/waiver of claims against Lilly USA, LLC, Eli Lilly and Company and their respective parents, subsidiaries, affiliates, officers and agents:

I hereby knowingly, voluntarily, irrevocably and unconditionally waive and release all claims, actions, damages of any sort, costs, expenses and attorneys' fees, and liabilities of any nature whatsoever for discriminatory failure to hire based on age arising under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA") that were included in the Complaint filed by the EEOC, during the time period from January 1, 2017 through the Effective Date of the Consent Decree.

Date: _____

Name: _____
           [Claimant Name Printed]

Signature: _____